IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IZELL BROWN, a.k.a. MICHAEL IZELL SEALS, | No. C 05-04226 SBA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | (Docket nos. 17, 20) |
| PAUL GALLEGOS, et al., | |
| Defendants. / | |

On October 19, 2005, Plaintiff, a state prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. On December 4, 2006, in its Order to Show Cause pursuant to 28 U.S.C. § 1915(g), the Court found Plaintiff had "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," and further found Plaintiff was not "under imminent danger of serious physical injury." See 28 U.S.C. § 1915(g). Consequently, the Court ordered Plaintiff to show cause why the action should not be dismissed pursuant to 28 U.S.C. § 1915(g). See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) ("Andrews I").

On December 8, 2006, Plaintiff filed a document entitled "Response to Order to Show Cause," (docket no. 16), wherein Plaintiff initially copies the Court's Order to Show Cause verbatim. After doing so, Plaintiff contests the Court's finding that he has three or more qualifying dismissals under § 1915(g). Specifically, he argues the Court should not have labeled as qualifying dismissals the dismissals of Seals v. Whitford, et al., N. D. Cal. Case No. C 97-3681 SBA (pr) (civil rights action dismissed for failure to state a claim upon which relief may be granted); Seals v. Fonseca, N. D. Cal. Case No. C 98-3778 SBA (pr) (civil rights complaint dismissed as malicious because it was duplicative of an earlier filed action, Seals v. Minkin, N. D. Cal. Case No. C 95-2663 SBA (pr)); and Seals v. Wright, et al., N. D. Cal. Case No. C 98-4087 SBA (pr) (civil rights complaint

dismissed as malicious because it was duplicative of two earlier filed actions, Seals v. Whitford, et al., N. D. Cal. Case No. C 96-3651 SBA (pr) and Seals v. Whitford, et al., N. D. Cal. Case No. C 97-3681 SBA (pr)), because, he asserts, that the Court erroneously dismissed these actions and "after these civil actions was [sic] 'dismissed' he eventually 'suffered' even more from the 'physical injuries' of which he previously claims" in these actions.  (Pl.'s Response at 7.)  Plaintiff does not disagree with the proposition that a case dismissed for "failure to state a cognizable claim for relief" or for grounds that it is "malicious" or duplicative are qualifying dismissals under § 1915(g).  See Andrews I, 398 F.3d at 1117 n.3, 1121.  Rather, he attempts to revisit the propriety of the prior dismissals, arguing the cases were improperly dismissed.  While such an argument might be considered on an appeal of each dismissal, Plaintiff cites no authority, and the Court is aware of none, that requires a district court to revisit the merits of a prior dismissal where the only question before the Court is whether the dismissal, on the grounds stated, is a qualifying dismissal under § 1915(g).  Plaintiff also contests the Court's finding that he is not "under imminent danger of serious physical injury" within the meaning of § 1915(g).  Plaintiff offers no new facts that would call into question the correctness of the Court's determination, nor does he present any other basis to support a finding that he was under "imminent danger of serious physical injury" at the time of filing the instant action. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("Andrews II") (The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint.).  The conditions that existed at some earlier or later time are not relevant.  See Andrews II, 493 F.3d 1047 at 1053; see id. at 1053 n.5 (post-filing transfer of prisoner out of the prison at which danger allegedly existed may have made moot his request for injunctive relief against the alleged danger, but it does not affect the § 1915(g) analysis).

In sum, Plaintiff was given the opportunity to be heard on the question of whether the instant action is subject to dismissal under § 1915(g), see Andrews I, 398 F.3d at 1120-21, and his responses to the Court's Order to Show Cause fail to establish that § 1915(g) does not apply.

Accordingly, this action is hereby DISMISSED without prejudice to Plaintiff's refiling his claims in a new case in which Plaintiff pays the full filing fee.

**CONCLUSION**

For the foregoing reasons,

1. This action is hereby DISMISSED pursuant to 28 U.S.C. § 1915(g). The dismissal is without prejudice to bringing the claims herein in a future action in which Plaintiff pays the full filing fee.

2. Plaintiff's application for in forma pauperis (docket no. 17) is DENIED.

3. Plaintiff's motion for service and motion for leave to file an amended complaint (docket no. 20) are DENIED as moot. Therefore, Plaintiff's Amended Complaint filed on July 18, 2007 is hereby STRICKEN.

4. The Clerk of the Court shall enter judgment, terminate all pending motions and close the file.

5. This Order terminates Docket nos. 17 and 20.

IT IS SO ORDERED.

DATED: 3/20/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BROWN et al,

        Plaintiff,

  v.

GALLEGOS et al,

        Defendant.

Case Number: CV05-04226 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 24, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Izell Brown V-77488
San Quentin State Prison
EB #251
San Quentin, CA 94974

Dated: March 24, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.05\Brown-Seals4226.dismiss.wpd     4